

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

September 14, 2006

FILED
OCT - 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Brian K. McDaniel, Esq.
1211 Connecticut Avenue, N.W.
Suite 506
Washington, D.C. 20036

SEALED

    Re:    United States v. Erick C. McNair
           CR Docket No. 06-121 (JR)

Dear Mr. McDaniel,

    This letter sets forth the full and complete plea offer to your client, Erick C. McNair, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on October 6, 2006. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

    Your client agrees to plead guilty to Count Three of the pending indictment, which charges your client with conspiracy to commit armed carjackings, in violation of 18 U.S.C. § 371. Your client understands that this crime carries a maximum penalty of a term of imprisonment of not more than five years; a fine of not more than $250,000; and, a term of supervised release -- after the prison term -- of not more than three years.

    In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss the remaining eleven counts in the indictment returned against your client. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file

any claim under that law.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2005 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### Offense Level under the Guidelines

The crime to which your client has agreed to plead guilty is conspiracy to commit armed carjackings, a violation of 18 U.S.C. § 371. Pursuant to U.S.S.G § 2X1.1(a), the base offense level is to be determined by reference to the Sentencing Guideline provision governing the substantive offense that was the object of the conspiracy – in this case carjacking, a violation of 18 U.S.C. § 2119. Carjacking is governed by U.S.S.G § 2B3.1. Under that and related provisions, the adjusted offense level is calculated as follows:

| | | |
|---|---|---|
| 2B3.1(a) | Base Offense Level | 20 |
| 2B3.1(b)(2)(C) | Brandished/possessed firearm | +5 |
| 2B3.1(b)(5) | Offense involved carjacking | +2 |
| 2B3.1(b)(6) | Object of carjacking was to take a car believed to contain a firearm or controlled substances | +1 |
| | Total: | 28 |

The parties further agree and stipulate that the adjusted offense level of 28 reflects their understanding that, under the Sentencing Guidelines, no victim related adjustments are appropriate, no adjustments for your client's role in the offense are appropriate, and no adjustments for obstruction of justice are appropriate.

2

**Acceptance of Responsibility: 3-point reduction:** Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

**Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Appeal Waiver

It is agreed (i) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

### Release/Detention

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements

made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by

your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
MICHAEL D. BRITTIN
RACHEL CARLSON LIEBER
Assistant United States Attorneys
(202) 307-0106 (MDB)
(202) 353-8055 (RCL)

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Brian K. McDaniel, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 9/29/06

Erick C. McNair

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty and cooperate with the Government as set forth in this agreement.

Date: 9/29/06

Brian K. McDaniel, Esq.
Attorney for Erick C. McNair

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA  :    Docket No: 06-121 (JR)
                              :
                   v.         :
                              :
ERICK C. MCNAIR,              :
   also known as "Nut" or "Peanut"  :

STATEMENT OF OFFENSE

The United States and the defendant, ERICK C. MCNAIR, also known as "Nut" or "Peanut,", agree that the following facts are true and correct:

1. In the early evening hours of January 2, 2003, ERICK C. MCNAIR, also known as "Nut" or "Peanut," agreed and conspired with other individuals to commit armed robberies and carjackings at an Amoco (now BP) Station at 4501 Eastern Avenue in Mount Rainier, Maryland. The object of the conspiracy was to carjack and steal two cars and other valuables at gunpoint from persons who engaged in drug trafficking at an Amoco (now BP) Station at 4501 Eastern Avenue in Mount Rainier, Maryland.

2. Before the armed robberies and carjackings took place, members of the conspiracy, including MCNAIR, met in the Taft Terrace neighborhood in upper Northeast, Washington, D.C. After that meeting, members of the conspiracy, including MCNAIR, drove by the Amoco Station and spotted their intended targets, who were at the Station by two cars, a black Cadillac Concourse and a blue Lincoln Town Car.

3. One of the targets of the planned robberies and carjackings was John Crawford, also known as "John" or "John-John." Another was Delonta Jackson, also known as "Fats" or "Fat Lontay." Members of the conspiracy, including MCNAIR, knew that Crawford and Jackson were drug dealers who regularly engaged in that activity at the Amoco Station.

Members of the conspiracy believed that Crawford and Jackson, beyond having the cars with which they were associated, would be likely to have money, drugs, guns, and other items of value.

4. Members of the conspiracy, including MCNAIR, agreed to rob Crawford and Jackson at gunpoint and to steal the cars – the black Cadillac and the blue Lincoln – that were at the Amoco Station with them. To that end, members of the conspiracy, including MCNAIR, armed themselves with pistols.

5. Members of the conspiracy stopped near the Amoco Station where three of the conspirators, one of whom was MCNAIR, got out in order to go and actually commit the robberies and carjackings. These three members of the conspiracy walked onto the lot of the Amoco Station. MCNAIR was armed with two 9mm semi-automatic pistols: a Ruger Model P85 9mm semi-automatic pistol (Serial No. 302-61447), and a second Ruger 9mm semi-automatic pistol that belonged to a co-conspirator.

6. Using two 9mm semi-automatic pistols, MCNAIR forced Crawford and Jackson, and a third individual who was with them, Corey Rious, to lie down. Another co-conspirator searched Jackson and Rious, removing cash from both of them and also taking a jacket from Jackson. MCNAIR took cash from Crawford.

7. A co-conspirator took the black Cadillac belonging to Crawford and drove it first to the Taft Terrace neighborhood in upper Northeast, Washington, D.C., and then to the nearby Fort Lincoln neighborhood, also in Northeast, Washington, D.C. MCNAIR and another co-conspirator took the blue Lincoln, owned by Obral Jean Vance, and drove it first to the Taft Terrace neighborhood in upper Northeast, Washington, D.C., and then to the nearby Fort Lincoln

neighborhood, also in Northeast, Washington, D.C. Members of the conspiracy, including MCNAIR, searched the black Cadillac and the blue Lincoln and removed items of value, damaging both cars in the process.

### Limited Nature of Proffer

8. This proffer of evidence is not intended to constitute a complete statement of all of the conduct of ERICK C. MCNAIR, also known as "Nut" or "Peanut," on or about the night of January 2, 2003, but is instead a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for MCNAIR's plea of guilty.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: *[signature: Michael D. Brittin]*

MICHAEL D. BRITTIN
RACHEL CARLSON LIEBER
Assistant United States Attorneys
(202) 307-0106 (MDB)
(202) 353-8055 (RCL)

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts in support of my guilty plea. I have discussed this proffer fully with my attorney, Brian K. McDaniel, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 9/29/06

_Erick McNair_
ERICK C. MCNAIR

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 9/29/06

Brian K. McDaniel, Esq.
Counsel for ERICK C. MCNAIR